# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| PARISH OF CAMERON, ET AL. | CIVIL ACTION NO. 16-0530 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| AUSTER OIL & GAS, INC., ET AL. | MAG. JUDGE KATHLEEN KAY |

## RULING

This case is one of several originally filed in state court against Defendants, entities engaged in oil and gas exploration, production, and/or transportation operations in the development of the East Hackberry and West Hackberry Oil & Gas Field in Cameron Parish. The original Plaintiff Parish of Cameron ("the Parish") and Intervenor the State of Louisiana *ex rel.* Jeff Landry, Attorney General and through the Louisiana Department of Natural Resources, Office of Costal Management, and Louisiana Department of Natural Resources, Thomas F. Harris (collectively "the State") brought suit against Defendants under the State and Local Coastal Resources Management Act of 1978, as amended, LA. REV. STAT. 49:214.21, *et seq*. The Parish and the State contend that Defendants are liable for damages to the Cameron Parish Coastal Zone, based on alleged violations of permits obtained through the Local Coastal Zone Management Program, pursuant to LA. REV. STAT. 49:214.28. The Parish and the State seek all damages and remedies available under state law, including, restoration and remediation costs, actual restoration, declaratory relief, money damages, and costs and expenses, including attorney's fees. The Parish and the State expressly disclaim that they pursue any federal claims or remedies.

Pending before the Court are Motions to Remand [Doc. Nos. 18 & 27] filed by the Parish

and the State in response to the Notice of Removal [Doc. No. 1] filed by Defendants Chevron USA, Inc., Shell Offshore, Inc., Chevron USA Holdings, Inc., The Texas Company, Swepi LP, BP America Production Company, Shell Oil Company, Exxon Mobil Corp., and Chevron Pipe Line Company. Additionally, the Parish and the State filed Supplemental Motions to Remand [Doc. Nos. 52 & 54] in response to the Supplemental Notice of Removal [Doc. No. 33] filed by Defendant Apache Corporation. Defendants filed memoranda in opposition to the Motions and Supplemental Motions to Remand. [Doc. Nos. 34, 36, 38, 41 & 56]. The Parish and the State filed reply memoranda. [Doc. Nos. 47, 48, 57 & 58].

On January 17, 2018, Magistrate Judge Kathleen Kay issued a Report and Recommendation [Doc. No. 89]. Magistrate Judge Kay recommended that the Court grant the Motions and Supplemental Motions to Remand and to deny the related Motion for Oral Argument [Doc. No. 82], Motion for Leave to File Notice of Supplemental Authority [Doc. No. 84], and Motion for Status Conference [Doc. No. 85] as moot. The parties have filed objections [Doc. Nos. 90, 91, 92, 93 & 96] and responses [Doc. Nos. 97, 98 & 99].

Having conducted a *de novo* review of the record in this matter, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation of the Magistrate Judge. The Court DECLINES TO ADOPT Magistrate Judge Kay's analysis under the third and fourth factors of the *Gunn-Grable* test, but otherwise ADOPTS the Report and Recommendation.[1] The Court issues this Ruling solely to address objections to Magistrate Judge Kay's findings raised by the Parish and the State.

---

[1] The Court ADOPTS Magistrate Judge Kay's factual recitation with regard to this issue. It is only her analysis that the Court has not adopted.

Although they did not object to Magistrate Judge Kay's conclusion and other analyses, the Parish and the State raised objections to her consideration of Apache's Supplemental Notice of Removal and her application of the Supreme Court's federal question test. First, as to Magistrate Judge Kay's consideration of Apache's Supplemental Notice of Removal, the Court agrees with and ADOPTS the analysis and conclusion. Contrary to the Parish and the State's arguments, in passing the Federal Courts Jurisdiction and Venue Clarification Act of 2011, which added subsection (b)(2)(C) to 28 U.S.C. § 1446,[2] there is no evidence that Congress contemplated the situation at hand. *See Helford v. Cheyenne Petroleum Co.*, No. 3:14-CV-4539-L, 2015 WL 5771915, at *2 (N.D. Tex. Sept. 30, 2015) ("This provision simply allows an earlier-served defendant to consent to a removal filed by a later-served defendant even if that earlier-served defendant did not initiate or consent to removal at an earlier time when the case may have been removed. In other words, this statutory provision gives the earlier-served defendant a second chance or 'bite at the apple' to consent to the removal if that defendant did not previously initiate or consent to removal."). This statute appears to have been amended, so as to protect the right of later-served defendants to timely remove to federal court. *Curtis v. Woy*, No. 3:15-CV-01900-P, 2016 WL 6561582, at *2 (N.D. Tex. Jan. 5, 2016) ("This amendment appears designed to protect later-served defendants from not being allowed to remove the case should the first-served defendant fail timely to remove it (and so waive the opportunity for all subsequently-served defendants).").

In this case, nine (9) defendants timely removed to federal court before any single defendant was served. Further, Plaintiffs have raised no arguments that the original Notice of

---

[2] The amendment became effective January 6, 2012.

Removal was defective. Rather, the later-served defendant, Apache Corporation, agreed with and consented in that removal, but timely filed a Supplemental Notice of Removal [Doc. No. 33] to raise an additional basis for the removal to federal court: "In addition to the grounds identified in that Notice, this case is independently removable under 28 U.S.C. § 1441(b) because it is 'founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" The Parish and the State have cited no authority, other than the statute itself, to support their argument. As recognized by Magistrate Judge Kay and the Parish and the State, once a case has been removed, any later-served defendants automatically become federal defendants. Such defendant has the option to file a motion to remand, *see* 28 U.S.C. § 1448, within thirty (30) days. In this case, Apache timely sought, not to remand, but to clarify an additional basis for removal. The interpretation of the statute urged by the Parish and the State undermines the very purpose of the amendments:

> Congress adopted this later-served defendant rule to provide "for equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them." H.R. REP. No. 12–10, at 14 (2011). "The rule acknowledges that '[f]airness to later-served defendants, whether they are brought in by the initial complaint or an amended complaint, necessitates that they be given their own opportunity to remove, even if the earlier-served defendants chose not to remove initially.' " *Act II Jewelry[LLC v. Wooten]*, 2015 WL 7889039, *3 (quoting H.R. REP. NO. 112–10, at 14 (2011)). Congress "plainly intended for each defendant to have its own right to initiate removal." *Central West Virginia Regional Airport Authority [v. Triad Engineering, Inc.]*, 2016 WL 685086, *20 [(S.D. W.Va. Feb. 18, 2016)] .

*Montana v. Talen Montana,* LLC, No. CV 16-35-H-DLC-JCL, 2017 WL 2963864, at *4 (D. Mont. Jan. 23, 2017), report and recommendation adopted in part, No. CV 16-35-H-DLC-JCL, 2017 WL 4516671 (D. Mont. Oct. 10, 2017). Apache protected its own rights by filing a Supplemental Notice of Removal.

Finally, the Court notes that, if it were to accept the Parish and the State's arguments, a

4

later-served defendant could conceivably sit on his rights and then file a second notice of removal on a new basis as soon as the case was remanded to state court. Such an interpretation would not serve the interests of judicial economy.

Having determined that Magistrate Judge Kay properly considered Apache's separate basis for jurisdiction, the Court also considers the Parish and the State's objection that Magistrate Judge Kay improperly applied the Supreme Court test for jurisdiction based on a substantial federal interest. "Despite the applicability of the well-pleaded complaint rule, a claim which has origins in state law may still be found to arise under federal law if it falls within a 'special and small category' of cases." *Borne v. Chevron U.S.A. Holdings, Inc.*, No. CIV.A. 15-631, 2015 WL 3417520, at *3 (E.D. La. May 27, 2015) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). The Supreme Court set forth the standard of review in in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mnf.*, 545 U.S. 308 (2005), and this standard was framed as a four-part test in *Gunn*:

> That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *[Grable.*, [545 U.S.] at 313–314 . . . ].

*Gunn*, 568 U.S. 251, 258 (2013). Reviewing the Parish and the State's allegations and claims, Magistrate Judge Kay concluded that there was a substantial federal issue and that the issue was capable of resolution in federal court without disrupting the federal-state balance, but that Defendants had not shown "that a federal issue is necessarily raised or actually disputed insofar

5

as no restoration remedy has yet been ordered and no actual conflict yet exists." [Doc. No. 89, p. 13].

The Parish and the State object to this finding, arguing that Defendants have not established the factors of substantiality or the absence of disruption of the federal and state balance either.

Defendants bear the burden of establishing subject matter jurisdiction for their removal of this case. The Court agrees with and has adopted Magistrate Judge Kay's findings that there is no admiralty jurisdiction and no jurisdiction under the Outer Continental Shelf Lands Act. Therefore, the only remaining potential for subject matter jurisdiction is in this small and special category of jurisdiction where there is a substantial federal question. In this regard, the Court also agrees with Magistrate Judge Kay that Defendants have failed to establish the first and second factors of the *Gunn* test. The claims in this case are strictly limited to those under state law. Even the restoration remedies sought by the Parish and the State are expressly limited to Louisiana statutes and regulations. *See* La. Rev. Stat. 49:214.36(E). While the State and the Parish may act in conjunction with the Corps of Engineers and may have to obtain permits for certain requested restoration, like our sister courts faced with this issue before us, this Court finds that the questions of federal law raised by this lawsuit are "qualitatively different and much more vague than the specific federal issues held by the Supreme Court to give rise to federal question jurisdiction." *Plaquemines Parish v. Rozel Operating Co.*, Civil Action No. 13-6722, 2015 WL 403791 *5 (E.D. La. Jan. 29, 2015); *see also generally Plaquemines Parish v. Hilcopr. Energy Corp.*, Civil Action No. 13-6727, 2015 WL 1954640 *4-5 (E.D. La. Apr. 29, 2015) (Defendants failed to establish that Parish's prayer for relief, including claim for restoration of

as no restoration remedy has yet been ordered and no actual conflict yet exists." [Doc. No. 89, p. 13].

The Parish and the State object to this finding, arguing that Defendants have not established the factors of substantiality or the absence of disruption of the federal and state balance either.

Defendants bear the burden of establishing subject matter jurisdiction for their removal of this case. The Court agrees with and has adopted Magistrate Judge Kay's findings that there is no admiralty jurisdiction and no jurisdiction under the Outer Continental Shelf Lands Act. Therefore, the only remaining potential for subject matter jurisdiction is in this small and special category of jurisdiction where there is a substantial federal question. In this regard, the Court also agrees with Magistrate Judge Kay that Defendants have failed to establish the first and second factors of the *Gunn* test. The claims in this case are strictly limited to those under state law. Even the restoration remedies sought by the Parish and the State are expressly limited to Louisiana statutes and regulations. *See* La. Rev. Stat. 49:214.36(E). While the State and the Parish may act in conjunction with the Corps of Engineers and may have to obtain permits for certain requested restoration, like our sister courts faced with this issue before us, this Court finds that the questions of federal law raised by this lawsuit are "qualitatively different and much more vague than the specific federal issues held by the Supreme Court to give rise to federal question jurisdiction." *Plaquemines Parish v. Rozel Operating Co.*, Civil Action No. 13-6722, 2015 WL 403791 *5 (E.D. La. Jan. 29, 2015); *see also generally Plaquemines Parish v. Hilcopr. Energy Corp.*, Civil Action No. 13-6727, 2015 WL 1954640 *4-5 (E.D. La. Apr. 29, 2015) (Defendants failed to establish that Parish's prayer for relief, including claim for restoration of

the Parish Coastal Zone to its original condition, raised a specific federal issue or that those issues were actually disputed under the Natural Gas Act in the absence of complete preemption under that Act).

Given the Court's conclusions and contrary to Magistrate Judge Kay's Report and Recommendation, the Court need not reach the third and fourth factors.

Accordingly, for the reasons set forth in Magistrate Judge Kay's Report and Recommendation, to the extent adopted, and for those additional reasons in this Ruling, the pending Motions and Supplemental Motions to Remand will be GRANTED, and this case will be remanded to the 38th Judicial District Court, Cameron Parish, Louisiana.

MONROE, LOUISIANA, this 9th day of May, 2018.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE